CARRIE E. AGNEW *et al.*

*v.*

HARVEY O. PERRY.

*Filed at Ottawa May 12, 1887.*

1. EJECTMENT—*plaintiff must show title or right.* It is a familiar rule, that in an action of ejectment the plaintiff must recover on the strength of his own title, and not on the weakness of that of the defendant.

2. So in order to recover a lot in a town laid out on certain parts of a section of land, the plaintiff must show that the lot is situate in some part of the section, to which he has title, or he must fail.

3.  SAME—*plea of the Statute of Limitations, as operating to relieve the plaintiff from showing title.*  The fact that a defendant in ejectment relies on the Statute of Limitations as a defence, will not, of itself, operate as a waiver of the requirement that the plaintiff must show title in order to recover.

WRIT OF ERROR to the Circuit Court of Ogle county; the Hon. WILLIAM BROWN, Judge, presiding.

Messrs. MAYBORNE, CHUMASERO & KNIGHT, for the plaintiffs in error.

Mr. M. D. HATHAWAY, for the defendant in error.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action of ejectment, brought by plaintiffs in error in the circuit court of Ogle county, against Harvey O. Perry, to recover lot 6, block 5, in Rochelle. The parties, by agreement, waived a jury, and a trial was had before the court, resulting in a judgment against the plaintiffs.

The plaintiffs claimed title to the lot in question as heirs-at-law of Maria Ross, who was a daughter and only heir of Sheldon Bartholomew, who died intestate in 1846, seized of two certain tracts of land, situated in Ogle county, described as the north-east and south-west quarters of the south-west quarter of section 24, town 40 north, range 1, east of the third principal meridian, of which the lot in question is claimed to be a part. The defendant interposed as a defence, on the trial in the circuit court, claim and color of title, made in good faith, with possession and payment of all taxes since 1857, under what is known as the Limitation act of 1839. For the purpose of bringing himself within the provisions of section 6 of our Statute of Limitations, which was originally know as section 8 of the act of 1839, defendant read in evidence a warranty deed for the lot in question, dated April 2, 1857, from Homer Morgan and wife, to Jacob Fesler. He then introduced evidence showing that Fesler entered into the

actual possession of the lot about the time the deed was exe-
cuted, and continued in possession, and paid all taxes assessed
each year on the property, until the 13th day of March, 1876,
when he conveyed, by warranty deed, to the defendant, who
went into the possession of the property upon making the
purchase, and occupied it, and paid all taxes from the date
of his purchase down to the time the action was brought, on
the 4th day of November, 1885. The plaintiffs, however,
proved on the trial, that Maria Ross, in March, 1851, mar-
ried Isaac Ross; that they resided together as husband and
wife until 1871, when she died; that Ross lived until the
year 1885; that several children were born while they resided
together.

Under this evidence, it is claimed that Maria Ross was
under the disability of coverture, and the Statute of Limita-
tions did not run against her. It is also insisted, that after
the death of Isaac Ross, who, it is said, had a life estate in
the property, the heirs of Maria Ross might then have main-
tained an action to recover the property. Whether the title of
the plaintiffs was barred by the Statute of Limitations, under
the evidence introduced on the trial, is a question which we
do not find it necessary to determine, as the case will have
to be disposed of on other grounds. It is a familiar rule, in
an action of ejectment, that the plaintiff must recover on the
strength of his own title, and not on the weakness of that of
the defendant.

The plaintiffs brought this action to recover a certain spe-
cified lot in the town of Rochelle, viz., lot 6, block 5. In
order to recover, they were required to establish, by the evi-
dence, title to the property. It will only be necessary to
briefly refer to the evidence bearing upon this point, to show
that in this regard they failed.

The plaintiffs read in evidence a patent from the United
States to Sheldon Bartholomew, showing that he purchased,
on March 1, 1848, the north-east and south-west quarters of

the south-west quarter of section 24, town 40 north, range 1, east. It was also proven that Bartholomew died in 1846, intestate, leaving Maria Ross his only heir. This, of course, proved title to the two forty-acre tracts in her. The plaintiff also put in evidence a plat of the town of Lane, now Rochelle, as follows:

"STATE OF ILLINOIS, } *ss.*
  County of Ogle,   }

"I, the undersigned county surveyor of the said county of Ogle, do hereby certify that I have surveyed the lots, blocks, streets and alleys composing the above plat of the town of Lane, in said county of Ogle, situated in a part of section 24, T. 40, N., R. 1, E., 3d P. M., to-wit, on the whole of the S. E. ¼ of S. W. ¼ of said Sec. 24, and 20 rods in width by 120 rods in length on the W. side of the S. E. ¼ of Sec. 24, and 40 rods in width by 80 rods in length on the S. side of N. E. of S. W. of said section 24. The dimensions of the lots, blocks, streets and alleys are inserted in the plat in feet, and the bearings of the same are also inserted in the plat, and line stones, of the dimensions described in the plat, have been set in the ground at the corners described in the plat.

"Done at the request and under the directions of the owner, Lane. Survey made July 21, 1853. Given under my hand and seal, at Oregon, this 30th day of July, A. D. 1853.
      (seal.)                      CHARLES W. JOINER,
                        *County Surveyor of Ogle Co., Ill.*"

The above instrument was duly acknowledged by Robert J. Lane, before a notary public, and recorded July 30, 1853. In connection with this document, which was put in evidence, C. D. Etnyre testified that the lot in question was in the original town of Lane,—that it was in section 24.

Lane, the proprietor of the town, and William T. Agnew, were witnesses on the trial, and gave evidence in regard to the Ross lands, but neither of them locates the lot in question in either of the forty-acre tracts entered by Bartholomew.

Nor do we find any plat of the lots in the record showing upon what tract of land the town was laid out.

Thus the evidence before the court failed entirely to show that the plaintiffs ever owned the lot involved in this action. It is true that Maria Ross, under whom plaintiffs derived title, owned two forty-acre tracts in section 24, and the lot in question is in a town located in section 24; but whether the lot is on either one of the forty-acre tracts, or some other portion of section 24, the evidence fails to disclose. It is therefore plain that plaintiffs were not entitled to recover the lot described in the declaration, and the judgment for the defendant was the only proper judgment that the court could render, under the evidence.

But it is said this question was not raised on the trial in the circuit court, and for that reason can not be relied upon here. As before observed, the cause was tried before the court, without a jury, and after the court had heard all the evidence, a judgment was rendered in favor of the defendant. Upon what ground the court based its judgment, the record does not disclose, and we have no means of knowing. That, however, is not a material question. The record does not show that the defendant waived any proof or dispensed with any proof which the law required the plaintiffs to make to establish a right of recovery, and hence the plaintiffs were bound to introduce evidence sufficient to authorize a judgment in their favor, otherwise the court could do no less than render a judgment in favor of the defendant. The fact that the defendant relied upon the Statute of Limitations, did not deprive him of the right to interpose other defences to defeat a recovery.

Perceiving no error in the record, the judgment will be affirmed.

*Judgment affirmed.*